In re ARNOLD.
Patent Appeal No. 3170.

Court of Customs and Patent Appeals.
Dec. 23, 1933.

Vernon E. Hodges, of Washington, D. C. (J. Preston Swecker, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner in refusing to allow, for want of patentability, over the prior art, claims 1, 2, 5, 7, 12, 13, 14, and 15, of appellant's application for a patent relating to suspenders.

Claims 3, 4, 6, and 11, which were allowed by the Examiner, are drawn to cover certain modification features in the application and also an additional cross strip, which may be used with the suspenders, if desired.

Claim 1 is illustrative of the claims on appeal, and follows:

"1. In suspenders, two shoulder straps; each having garment supporting buttonholes at one end; a single series of step adjusting openings in the strap, a therein freely swinging hook loop with an open loop; a thereon sliding one piece reversible suspender and having, at each of its free ends, variable button holes which support a plurality of garments, and which reduce the wearing out of the suspender end."

The references relied upon are: Hamburger, 360,772, April 5, 1887; Krouse et al., 487,149, November 29, 1892; Arnold (German), 31,626 of 1884.

Appellant's application relates to suspenders, and discloses a pair of shoulder straps integrally united where they join on the back, and having on each of the shorter ends two garment-supporting buttonholes, and at the other ends a series of step-adjusting holes or openings. A hook loop with a horizontal base and with an opening in said loop is attached to swing freely and selectively in one of the aforementioned holes. A one-piece flat strap, attached to move slidingly on the base of the hook loop, is provided at each of the front ends of the suspenders, and on each end of each of said one-piece flat straps are two garment-supporting buttonholes. A modification of the metal loop is shown in appellant's separate drawings. An additional feature, the use of which is optional, is shown, consisting of an adjusting strap, which may be worn on the front part of the body, and connecting one of said metal loops with the other so as to prevent the shoulder straps from slipping off the shoulder.

The structure of appellant's suspenders is very similar to that disclosed in the German patent to Arnold. Corresponding to the six step-adjusting holes for the insertion of the hook loop in applicant's suspender, we find in Arnold a series of seven step-adjusting openings in each shoulder strap, which holes are formed by making for each step four parallel slits in the strap which slits run parallel to the length of the shoulder strap. In the Arnold suspenders, the adjusting hook is inserted into the strap by sidewise threading the hook under and over certain of the slits. The openings in both disclosures, however, are to receive the hook loop, and are so arranged as to shorten or lengthen the main suspender straps, and are substantially in the same location on the straps.

Appellant urges that a greater flexibility is obtained by his construction than can be obtained by the Arnold device. The said type of hook connection employed by appellant, however, is old in Hamburger, in which there is a series of single openings which selectively receive a hook to which is attached a link chain carrying the garment-supporting attachment.

The integral structure of the shoulder straps at the point of crossing is shown in Krouse et al.

Claims 1, 5, 7, and 13 were accordingly rejected on Arnold in view of Hamburger. Claims 2 and 15 were rejected on the ground of aggregation, all features of the same being shown in the references, and there being no mutual cooperation between the parts.

Claims 12 and 14 were rejected as being fully met by the structure in Arnold.

The Board and the Examiner regarded the allowed claims sufficient to cover any advance that applicant had made in the art. We concur in the views expressed, and the conclusion reached by the Board of Appeals in its affirmance of the Examiner's rejection of the appealed claims, and its decision is affirmed.

Affirmed.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

